FREDERICK F. AYER and Others, Respondents, *v.* ROBERT P. GETTY, Appellant.

*Evidence — admissions of the lessee, made after the expiration of the term, are inadmissible to charge the surety.*

Upon the trial of this action, brought to charge the defendant Robert P. Getty with liability, as surety for Samuel E. Getty, upon Getty's covenants as lessee in a lease, the plaintiffs were allowed, against the defendant's objection and exception, to prove admissions of the lessee, made by him as a witness in the course of the trial of an action for the rent, more than six months after the termination of the lease.

*Held*, that it was error to receive them.

*Hatch* v. *Elkins* (65 N. Y., 489); *Howe Machine Company* v. *Farrington* (16 Hun, 591) followed.

Appeal from a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was brought to recover against the defendant, as surety on a lease made by J. C. Ayer & Co., to Samuel E. Getty, dated July 17, 1874, to run from August 1, 1874, to May 1, 1877.

J. C. Ayer, one of the firm of J. C. Ayer & Co., became insane, and this action was brought in the name of his co-partner, Frederick Ayer, and the committee of said J. C. Ayer. During the pendency of the action J. C. Ayer died, and his administrators were substituted in the place of the committee.

*Merritt E. Sawyer*, for the appellant.

*James E. Chandler*, for the respondents.

BARTLETT, J. :

An error in the admission of testimony was committed upon the trial of this action, which demands a reversal of the judgment.

The action was brought to charge the defendant Robert P. Getty with liability as surety for Samuel E. Getty, upon his covenants as lessee in a lease made to him by the firm of J. C. Ayer & Co. To make out their case the plaintiffs were allowed to prove admissions of the lessee made, as a witness, in the course of the trial of an action for the rent, more than six months after the termination of the lease. In no sense do these admissions appear to have been a part of the *res gestæ* so as to take them out of the rule laid down in *Hatch* v. *Elkins* (65 N. Y., 489), where it was expressly held, that while the declarations of the principal made during the transaction of the business for which the surety is bound, so as to become a part of the *res gestæ*, are competent evidence against the surety, his declarations made subsequently are not competent. It is sought to sustain the reception of the declarations of the principal in the present case, on the ground that they related to the contents of his lost books, rather than to any acts of his own, but some of his admissions appear to have been independent of the contents of the books, or supplementary thereto, so as to constitute distinct testimony as to facts which the books of themselves might not disclose. The statement as to sweepings seems to be of this character.

T respondent suggests that the facts of this case render the doctrine of *Hatch* v. *Elkins* (*supra*) inapplicable and bring it under the rule laid down in *The Howe Machine Company* v. *Farrington* (16 Hun, 591). The latter case, however, is an authority equally hostile to his position. The declarations there held to be admissible were made by the principal while carrying on the very business to which the contract of suretyship related, and consisted of admissions as to the correctness of certain books relating to that business, when they were exhibited to him. The declarations were, therefore, said to be a part of the *res gestæ*, and so properly received in evidence. "But," says the General Term, "it would have been otherwise if they had been made after the transactions were closed for which the surety was bound."

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Van Brunt, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.